**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW PALIOTTO<br>2416 19th St. NW #32<br>Washington, DC 20009,<br><br>on behalf of himself individually and all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br><br>THE JOHNNY ROCKETS GROUP, INC.,<br>c/o National Registered Agents, Inc.<br>1090 Vermont Ave., NW, #910<br>Washington, DC 20005<br><br>    Defendant. | **COLLECTIVE ACTION**<br>**COMPLAINT**<br>**AND DEMAND**<br>**FOR JURY TRIAL**<br><br><br><br><br>Case No. |

**I.   OVERVIEW OF DEFENDANT JOHNNY ROCKETS GROUP, INC.'S WRONGFUL VIOLATIONS OF FEDERAL LABOR STANDARDS ACT AND DISTRICT OF COLUMBIA WAGE AND HOUR LAWS**

1.   This collective action lawsuit arises out of an ongoing wrongful scheme by Defendant The Johnny Rockets Group, Inc. ("Johnny Rockets" or "Defendant Johnny Rockets"), a restaurant chain, to deny its employees their rightful minimum wage, overtime benefits, and unearned wages due under the federal Fair Labor Standards Act ("FLSA") and the Washington D.C. Wage and Hour Law, D.C.Code § 32-1001, et seq. (2006) and § 32-1301, et seq. (2006) for work performed in the District of Columbia.

2.   The facts giving rise to this action are simple: Defendant Johnny Rockets forces its Food Servers to perform unpaid work in violation of minimum wage laws and does not compensate Food Servers for overtime hours worked.

3. For example, servers are forced to come in to work and "open" the restaurant, performing tasks such as cleaning the restaurant, stocking supplies, and preparing the food. During the time in which the servers are performing these tasks, Johnny Rockets pays the servers $2.94 an hour. And, during this time, the servers are not serving food to the restaurant's patrons and are not engaging in work compensated by tips.

4. Defendant Johnny Rockets also requires servers to "close" the restaurant, performing such tasks as cleaning tables and sweeping the floor. Johnny Rockets compels servers to "clock out" before closing; thus, servers are not compensated at all for such work.

5. Johnny Rockets makes servers perform "errands" while the restaurant is open. During these "errands," servers are paid only $2.94 an hour without the opportunity to earn gratuities, again in violation of minimum wage laws.

6. Plaintiff Andrew Paliotto ("Plaintiff"), on behalf of himself individually and on behalf of all others similarly situated, by and through his attorneys, hereby alleges that Defendant Johnny Rockets routinely denies employees like Plaintiff and the Class their statutorily-mandated rights.

7. The Class that Plaintiff seeks to represent is composed of and defined as all persons who are employed or have been employed by Johnny Rockets as "Food Servers" in Johnny Rockets branches throughout the nation at any time from December 2003 until present ("Class Period").

**A.     FLSA**

8. Plaintiff sues on behalf of himself and other similarly situated Food Servers who work or have worked for the Defendant and who elect to opt into this action pursuant to the Fair

Labor Standards Act, 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of FLSA 29 U.S.C. § 216(b) (hereinafter "Nationwide Class"). This action claims that Johnny Rockets violates the wage and hour provisions of the FLSA by depriving the Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages.

9. Defendant Johnny Rockets is liable for failing to pay such employees a minimum wage for each and every hour worked and for failing to pay these employees at a rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week pursuant to 29 U.S.C. §§ 206 and 207.

10. Johnny Rockets is liable for civil penalties, pursuant to FLSA 29 U.S.C. § 216(e), of up to $1000 for having repeatedly and willfully violated §§ 206 and 207.

11. Plaintiff, and all similarly situated employees who elect to participate in this action, seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

### B. DISTRICT OF COLUMBIA LABOR LAW

12. Plaintiff also brings this action under the District of Columbia's minimum wage, unpaid wage, and overtime statutes and regulations. Plaintiff and members of the Class previously worked for, or continue to work for, Defendant Johnny Rockets as Food Servers (collectively "District-wide Class Members"). From December 2003 to present, the Plaintiff and the District-wide Class have suffered common financial harm as their employer Johnny Rockets has violated and continues to violate multiple provisions of the District of Columbia's wage and hour laws, including District of Columbia Code §§ 32-1003(a)(2), 32-1003(c), 32-1302, and 32-1303.

13. Defendant Johnny Rockets' wrongful acts against Plaintiff and the District-wide Class include the following: (1) Failing to pay employees their due minimum wage for all hours worked and (2) failing to pay required overtime.

14. Plaintiff seeks statutory monetary damages and civil penalties for himself and, under District of Columbia Code § 32-1012, a District-wide Class of Johnny Rockets Food Servers, including restitution for all lost compensation and benefits. Plaintiff is also entitled to injunctive and/or equitable relief, including but not limited to reasonable attorney's fees and costs, under District of Columbia Code § 32-1012.

15. **Unpaid Wages:** The District of Columbia's wage and hour laws, including District of Columbia Code § 32-1003, legally require Defendant Johnny Rockets to pay Plaintiff and the District-wide Class the minimum wage. District of Columbia Code § 32-1003(f) requires any employee who receives gratuities be paid at a rate of $2.77 an hour, provided that the employee actually receives gratuities in an amount at least equal to the difference between the hourly wage paid and the minimum wage of $7 an hour, as established by District of Columbia Code § 32-1003(a)(2). As a result of Defendant's failure to pay Plaintiff such minimum wages, Johnny Rockets must make restitution to Plaintiff and the District-wide Class for all back pay, plus additional liquidated damages, attorney's fees, and costs, pursuant to District of Columbia Code § 32-1012.

16. The District of Columbia's wage and hour laws, including District of Columbia Code § 32-1302, legally require Defendant Johnny Rockets to pay Plaintiff and the District-wide Class all wages earned at least twice during each calendar month. As a result of Defendant's failure to compensate Plaintiff for all wages earned, Johnny Rockets must make restitution to Plaintiff and the

District-wide Class for all unpaid wages and liquidated damages, plus attorney's fees and costs, pursuant to District of Columbia Code § 32-1308.

17.     Further, District of Columbia Code § 32-1303 legally requires Johnny Rockets to pay all wages earned promptly upon the discharge or resignation of an employee. In the case of a discharged employee, an employer must pay all of the employee's wages earned not later than the working day following such discharge; in the case of an employee's resignation, the employer must pay all wages due to the employee upon the next regular payday or within seven (7) days of his resignation, whichever is sooner. As a result of Defendant's failure to compensate Plaintiff for all wages earned, Johnny Rockets must make restitution to Plaintiff and the District-wide Class for all liquidated damages, an amount equal to ten (10) per cent of the unpaid wages for each working day after the failure of payment on the legally mandated day, or an amount equal to the unpaid wages, whichever is smaller, pursuant to § 32-1303(4).

18.     **Unpaid Overtime:** The District of Columbia's wage and hour laws, including District of Columbia Code § 32-1003(c), legally require Defendant Johnny Rockets to pay Plaintiff and the District-wide Class overtime. As a result of Defendant's failure to compensate Plaintiff for such overtime, Johnny Rockets must make restitution to Plaintiff and the District-wide Class for all back overtime pay, plus additional liquidated damages, attorney's fees, and costs, pursuant to District of Columbia Code § 32-1003(c) and § 32-1012.

## II.    JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, 29 U.S.C. § 216 (b).

20. This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid wages and unpaid overtime wages under District of Columbia Code § 32-1001, et. seq..

21. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(a).

22. Defendant is subject to personal jurisdiction in the District of Columbia for the following reasons:

    a) Plaintiff resides and is employed in the District of Columbia.

    b) Defendant Johnny Rockets operates multiple restaurants within the District of Columbia and employs a sizeable number of Class Members who perform work for Defendant in the District of Columbia.

## IV. PARTIES

### A. PLAINTIFF

#### (i) ANDREW PALIOTTO

23. Plaintiff Andrew Paliotto ("Mr. Paliotto") worked as a Food Server for Johnny Rockets in Washington, D.C. from July 2006 until December 2006.

24. As a Food Server at Johnny Rockets, Mr. Paliotto routinely worked at least six (6) hours per day on four days of the week and eleven (11) hours per day on each weekend day, a total of 46 hours a week. However, Mr. Paliotto was only paid for working approximately five (5) hours per day during the week and approximately ten (10) hours on each weekend day, a total of 40 hours. Defendant failed to pay Mr. Paliotto for the approximately six hours of additional work he performed every week "off the clock" when he prepared the restaurant for closing at the end of the day. During these additional six hours of work, which were not included in his wages, Plaintiff

5

performed tasks such as cleaning tables and sweeping the floor. Thus, Mr. Paliotto was not paid properly according to the FLSA and District of Columbia wage and hour laws.

25. Additionally, Mr. Paliotto performed opening duties at the rate of $2.94 an hour, not the $7 legally required by District of Columbia's Labor Code for hours worked, wherein gratuities do not compensate for the difference between the hourly wage paid and the minimum wage. Plaintiff did not earn gratuities when performing opening duties. Thus, Mr. Paliotto was not paid properly according to the FLSA and District of Columbia wage and hour laws.

26. Similarly, Mr. Paliotto routinely performed "errands" while the restaurant was open. During these "errands," Mr. Paliotto was paid only $2.94 an hour without the opportunity to earn gratuities, again in violation of minimum wage laws.

27. Because he was forced work several hours a week "off the clock," Plaintiff Mr. Paliotto routinely worked more than forty (40) hours per week without receiving legally required overtime pay.

28. Mr. Paliotto repeatedly raised concerns about his wages to his store's general manager, who is personally responsible for clocking out the Food Servers before they perform their closing duties, and once to the zone manager, who oversees all of Johnny Rockets' East Coast locations, but the wage policies and practices have remained unchanged.

29. As a direct result of Johnny Rockets' unlawful conduct, Mr. Paliotto suffered harm, injury, and damages in addition to being deprived of the wages, overtime, and other legal protections to which he is entitled under the FLSA and/or District of Columbia law.

**B.    DEFENDANT**

30.    Defendant Johnny Rockets is a corporation doing business within the District of Columbia with its principal place of business and headquarters in Lake Forest, California. Johnny Rockets is incorporated in the State of California and is physically located at 25550 Commercentre Drive, Lake Forest, California 92630. Johnny Rockets Corporation operates multiple restaurants in the District of Columbia and, upon information and belief, over sixty (60) restaurants throughout the United States.

31.    At all relevant times, Johnny Rockets was and is legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and Class Members. Further, Johnny Rockets is responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior." The conduct of Johnny Rockets' managers and supervisors was at all relevant times undertaken as employees of Johnny Rockets acting within the scope of their employment or authority in all of the unlawful activities described in each and all of the foregoing paragraphs.

32.    At all relevant times, upon information and belief, the unlawful conduct of Johnny Rockets managers or supervisors as described in each and all of the foregoing paragraphs took place on Johnny Rockets property during work hours, approved or established by Johnny Rockets. At all relevant times, the unlawful conduct against Plaintiff and Class Members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Johnny Rockets. At all relevant times, upon information and belief, the unlawful conduct described in each

and all of the foregoing paragraphs was reasonably foreseeable by Johnny Rockets and committed under actual or apparent authority granted by Johnny Rockets such that all of the aforementioned unlawful conduct is legally attributable to Johnny Rockets as the principal of its agents who worked as managers or supervisors.

## V.     FACTUAL BACKGROUND

33.     Johnny Rockets operates, and at all times during the Class Period, has done business in the District of Columbia.

34.     Upon information and belief, the practices and policies that are complained of herein were enforced against approximately one hundred (100) Food Servers employed at Johnny Rockets in the District of Columbia during the relevant Class Period.

35.     Plaintiff and the other Class Members are covered and/or have been covered by 29 U.S.C. § 207. This provision of the FLSA requires employers to pay employees one-and-one-half times their regular hourly rate for hours worked in excess of forty (40) per week. Since December 2003 ("Nationwide Class Period"), Johnny Rockets has failed to pay Food Servers, including Plaintiff, their legally mandated overtime rates for all hours worked in excess of forty (40) per week.

36.     Since December 2003, Plaintiff and the Class Members regularly have spent multiple hours every week working "off the clock." Class Members routinely perform closing duties for at least one extra hour after they "clock out," time for which they are not paid. Additionally, Class Members are asked to run errands which take away from time that they could be making tips by waiting tables. Store managers routinely alter Food Servers' computerized time records and offer Food Servers food or opportunities to serve the busiest tables as a means to avoid paying legally

required minimum wage and overtime. Johnny Rockets has known these facts and has permitted, encouraged, and/or required Plaintiff and Class Members to forego payments to which they are entitled.

### IV. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

37. Plaintiff brings his FLSA claim on behalf of all persons who worked for Defendant as Food Servers at any time from three years prior to the filing of this Complaint to entry of judgment in this case.

38. Defendant is liable under the FLSA for failing to properly compensate Plaintiff, and as such, notice should be sent to past and present Food Servers. There are numerous similarly situated current and former Food Servers of Johnny Rockets who would benefit from the issuance of a court supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit pursuant to 28 U.S.C. § 216(b). Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### VIII. COLLECTIVE ACTION ALLEGATIONS UNDER DISTRICT OF COLUMBIA LABOR LAW

39. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a collective action pursuant to the District of Columbia Code § 32-1012 and § 32-1308. The Class that Plaintiff seeks to represent is composed of and defined as follows: All persons who are employed or have been employed by Johnny Rockets as "Food Servers" in Johnny Rockets' branches throughout the nation at any time since December 2003.

40. This action has been brought and may properly be maintained as a collective action under § 32-1012 and § 32-1308 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

## FIRST CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED MINIMUM WAGE
### (FLSA 29 U.S.C. § 206)

41. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42. Plaintiff alleges and incorporates by reference the preceding paragraphs of this complaint as if fully alleged herein. In this First Claim, "Plaintiffs" refers to Named Plaintiff, Mr. Paliotto, and to any Nationwide Class Members who file individual consents to sue in this action.

43. As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied minimum wages in accordance with § 206 of the FLSA.

44. Accordingly, Plaintiff and the Nationwide Class respectfully request that the Court award judgment and relief in their favor as described herein.

45. As a result of unlawful acts of Defendant, Plaintiff and all similarly situated current and former Food Servers have been deprived of minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages and/or prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME
### (FLSA 29 U.S.C. §§ 206 AND 207)

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with §§ 206 and 207 of the FLSA.

48. Accordingly, Plaintiff and the Nationwide Class respectfully request that the Court award judgment and relief in their favor as described herein.

49. As a result of unlawful acts of Defendant, Plaintiff and all similarly situated current and former Food Servers have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages and/or prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED MINIMUM WAGE
### (DISTRICT OF COLUMBIA CODE § 32-1003)

50. Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

51. By its failure to pay the required minimum wage as alleged above, the Defendant has violated and continues to violate the provisions of District of Columbia Code § 32-1003.

52. As a result of Johnny Rockets' unlawful acts, Plaintiff and District-wide Class Members have been deprived legally required compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus additional liquidated damages, attorney's fees, and costs, under District of Columbia Code § 32-1012.

53. Accordingly, Plaintiff and the District-wide Class respectfully request that the Court award judgment and relief in their favor as described herein.

## FOURTH CAUSE OF ACTION

### UNLAWFUL FAILURE TO PAY REQUIRED WAGES
### (DISTRICT OF COLUMBIA CODE §§ 32-1302 AND 32-1303)

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. By its failure to pay the required wages as alleged above, the Defendant has violated and continues to violate the provisions of District of Columbia Code §§ 32-1302 and 32-1303.

56. As a result of Johnny Rockets' unlawful acts, Plaintiff and District-wide Class Members have been deprived legally required compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus additional liquidated damages, attorney's fees, and costs, under District of Columbia Code §§ 32-1303(4) and 32-1308.

57. Accordingly, Plaintiff and the District-wide Class respectfully request that the Court award judgment and relief in their favor as described herein.

## FIFTH CAUSE OF ACTION

**UNLAWFUL FAILURE TO PAY REQUIRED OVERTIME**
**(DISTRICT OF COLUMBIA CODE § 32-1003(c))**

58.     Plaintiff repeats and realleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

59.     By its failure to pay required overtime as alleged above, the Defendant has violated and continues to violate the provisions of District of Columbia Code § 32-1003(c).

60.     As a result of Johnny Rockets' unlawful acts, Plaintiff and District-wide Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus additional liquidated damages, attorney's fees, and costs, under District of Columbia Code § 32-1012.

61.     Accordingly, Plaintiff and the District-wide Class respectfully request that the Court award judgment and relief in their favor as described herein.

**VIII.   DEMAND FOR JURY TRIAL**

62.     Plaintiff and the Nationwide and District-wide Classes hereby demand a jury trial on all issues of fact or law so triable.

**IX.    PRAYER FOR RELIEF**

63.     WHEREFORE, Plaintiff on behalf of himself and the Class Members he seeks to represent in this action request the following relief:

**NATIONWIDE CLASS RELIEF**

13

A. That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b);

B. That the Court find that Johnny Rockets has violated the minimum wage and maximum hour provisions of the FLSA 29 U.S.C. §§ 206 and 207 as to the Plaintiff and the Nationwide Class;

C. That the Court find that Johnny Rockets' violations as described have been willful;

D. That Plaintiff and the Nationwide Class be awarded reasonable attorney's fees and costs pursuant to FLSA U.S.C. § 216(b);

E. That the Court award such other and further relief as this Court may deem appropriate;

F. That the Court award to Plaintiff and the Nationwide Class damages for the amount of unpaid compensation, including interest thereon, and penalties subject to proof at trial; and

G. That the Court award such other and further relief as this Court may deem appropriate.

**DISTRICT-WIDE CLASS RELIEF**

A. That the Court determine that this action may be maintained as a collective action under §32-1012 and §32-1308;

B. That the Court find that Johnny Rockets has violated the minimum wage and unpaid wage provisions of District of Columbia Code § 32-1003, § 32-1302, and § 32-1303 as to the Plaintiff and the District-wide Class;

C.  That the Court find that Johnny Rockets has violated the overtime provision of District of Columbia Code § 32-1003(c) as to the Plaintiff and the District-wide Class;

D.  That the Court find that Johnny Rockets' violations as described have been willful;

E.  That the Court award to Plaintiff and the District-wide Class damages for the amount of unpaid compensation, including liquidated damages and/or interest thereon, and penalties subject to proof at trial;

F.  That Plaintiff and the District-wide Class be awarded reasonable attorney's fees and costs pursuant to District of Columbia Code §§ 32-1012, 32-1308(b), and/or other applicable law; and

G.  That the Court award such other and further relief as this Court may deem appropriate.

Dated: December 29, 2006

Respectfully submitted,

_____
DAVID W. SANFORD, D.C. Bar No. 457933
STEFANIE ROEMER, D.C. Bar No. 464450
SHAYNA M. BLOOM, D.C. Bar No. 498105
**SANFORD, WITTELS & HEISLER, LLP**
1666 Connecticut Ave., NW, Suite 310
Washington, DC 20009
Tel.: (202) 742-7780 Fax: (202) 742-7776

**ATTORNEYS FOR PLAINTIFF AND THE CLASS**

15

## OPT-IN CONSENT FORM
*Paliotto et al. v. Johnny Rockets Group, Inc.*

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. and District of Columbia Code Sections 32-1001 et seq. and 32-1301 et seq. to secure any unpaid minimum wage, overtime, liquidated damages, attorneys' fees, costs, and other relief arising out of my employment with Johnny Rockets Group, Inc., and any other associated parties.

I authorize the law firm of Sanford, Wittels & Heisler, any associated attorneys, as well as any successors or assigns, to represent me in such action.

_____             12/29/06
Andrew Paliotto                              Date

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

K 06-2253 RCL

**I (a) PLAINTIFFS**

Andrew Paliotto, et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Washington___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Sanford
Sanford, Wittels & Heisler LLP
1666 Connecticut Ave., NW, Suite 310
Washington, DC 20009
(202) 742-7780

**DEFENDANTS**

Johnny Rockets Group, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

CASE NUMBER  1:06CV02253
JUDGE: Royce C. Lamberth
DECK TYPE: Labor/ERISA (non-employment)
DATE STAMP: 12/29/2006

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (FOR DIVERSITY CASES ONLY)
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 201 et seq. and corresponding District of Columbia statutes; action for minimum wage and overtime violations

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 5 million   Check YES only if demanded in complaint  JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 12/29/06   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.